IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KRISTIAN TAGUINOD, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:16CV869–HEH
)
AMAZON.COM, INC., *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss in Part and Remanding the Case)

THIS MATTER is before the Court on Defendants Amazon.com, Inc. ("Amazon"), Integrity Staffing Solutions, Inc. ("ISS"), and Mahmoud Omari's (collectively, the "Defendants") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 6), and Defendant Mahmoud Omari's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 8).[1]

The Defendants included an appropriate Roseboro Notice in both motions, as required by Local Civil Rule 7(K) and the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

All parties have filed memoranda supporting their respective positions.[2] The

---

[1] Defendant Mahmoud Omari filed an Answer to the Complaint before the Defendants filed their Motion to Dismiss. (ECF No. 1-2, at 4.)

[2] Plaintiff also filed suit against Malik Omari, but he has not been served as of the date of this Memorandum Opinion. (*See* Mem. in Supp. of the Mot. Dismiss 4.) Since he is not presently a party to

Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court will dismiss Counts IX, X, and XI of Plaintiff's Complaint, which allege claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"). As the parties are not diverse and those Counts are the only ones arising under federal law, the Court finds that it lacks subject-matter jurisdiction over the rest of Plaintiff's claims. Therefore, the Court will REMAND this case to the Circuit Court for the City of Richmond, Virginia, where Plaintiff initially brought suit.

### I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). At this stage, the Court's analysis is both informed and constrained by the four corners of Plaintiff's Complaint.[3] Viewed through this lens, the facts are as follows.

In or around September 2014, Plaintiff, a Virginia citizen of Filipino descent, began working as a "Stow Associate" through ISS in the packaging department at

---

this litigation, the Court will proceed in its analysis only with regard to the Defendants, who have been properly served.

[3] Plaintiff improperly attempts to bolster his initial allegations by introducing new or modified facts in his Response Brief. The Court will only consider those facts plead in the Complaint.

2

Amazon Fulfillment Center RIC2 in Chesterfield, Virginia. (Compl. ¶ 1; ECF No. 1-1.) On January 29, 2015, Amazon hired Plaintiff as a permanent employee in its receiving department. (*Id.* ¶ 3.)

Between October 1, 2015, and December 22, 2015, Defendants Mahmoud Omari and Malik Omari (collectively, the "Omaris")—both citizens of Virginia—were Amazon employees and worked alongside Plaintiff. (*Id.* ¶¶ 6–7.) During that time, Plaintiff summarily contends that Mahmoud Omari harassed him by making derogatory statements about his race and national origin. (*Id.* ¶¶ 8–9, 13.) The only racially tinged statement that Plaintiff alleges Mahmoud Omari made was, "[Y]ou philippinos [*sic*] are all alike and [too] . . . slow for me." (*Id.* ¶ 13.) Also during that period, Mahmoud Omari repeatedly went to Plaintiff's work station asking for work and became angry when Plaintiff told him that the work was not yet ready. (*Id.* ¶¶ 11–14.) Plaintiff filed verbal complaints with his department supervisor, Kayla Laughlin, on a weekly basis in response to this conduct. (*Id.* ¶ 179.)

On December 22, 2015, Mahmoud Omari went to Plaintiff's work station and demanded unfinished assembly line work. (*Id.* ¶ 15.) After being told that it was not ready, Mahmoud Omari began to argue with Plaintiff. (*Id.* ¶ 16.) Plaintiff asserts that Mahmoud Omari threatened to kill him and told Plaintiff that he would be waiting outside to carry out his threat. (*Id.* ¶ 17.) Following the argument, Plaintiff again filed a verbal complaint with his supervisor. (*Id.* ¶ 35.) Laughlin told Plaintiff to go on a break, without taking any action to reprimand Mahmoud Omari or protect Plaintiff. (*Id.*)

During his break, Plaintiff decided to go to his car in the Amazon parking lot. (*Id.*

3

¶ 38.) The Omaris followed him as he left the building and walked to his vehicle. (*Id.* ¶ 45.) Plaintiff asserts that upon reaching his car, the Omaris grabbed him, jumped on him, punched him, and choked him. (*Id.* ¶ 50.) At some point during the altercation, Plaintiff was able to escape to his vehicle. (*Id.* ¶ 79.) While there, Plaintiff grabbed a toy gun—which he admits "appear[ed] to be a firearm"—pointed it at his assailants, and put it in his pocket. (*Id.* ¶¶ 84, 87.) In spite of this perceived threat, the Omaris continued to beat him. (*Id.* ¶ 86.)

After the altercation, the Omaris told a Chesterfield Police Officer that Plaintiff had pointed a firearm at them. (*Id.* ¶ 73.) Plaintiff was subsequently arrested and charged pursuant to Va. Code § 18.2-282. (*Id.* ¶ 99.) After reviewing video footage from the Amazon parking lot, the Chesterfield General District Court dismissed the charge. (*Id.*)

Amazon fired Plaintiff because of his involvement in the December 22, 2015, altercation. (*Id.* ¶ 187 ("[P]laintiff['s] job was terminated on the basis of misconduct for being in an altercation.").) Amazon did not take any adverse employment action against the Omaris or charge them with misconduct for the incident. (*Id.* ¶ 188, 190.)

Plaintiff filed an eleven-count Complaint against the Defendants and Malik Omari in the Circuit Court of the City of Richmond, Virginia, on September 29, 2016. The Defendants timely removed the case to this Court on October 27, 2016. (ECF No. 1.) The Court finds that it has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367(a).

Of the eleven counts, the Court will only address those that concern matters of

4

federal law: race and national origin discrimination in violation of Title VII (Count IX); harassment and the creation of a hostile work environment in violation of Title VII (Count X); and retaliation in violation of Title VII (Count XI).

## II. LEGAL STANDARDS

### a. 12(b)(1)

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. In resolving motions to dismiss under Rule 12(b)(1), a court may consider affidavits, depositions, or live testimony without converting the motion into one for summary judgment. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Furthermore, within the context of a Rule 12(b)(1) motion to dismiss, a court may resolve factual questions to determine whether it has subject-matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988).

Because subject-matter jurisdiction implicates a federal court's constitutional power to act, it may be raised at any time either by the court *sua sponte* or by one of the parties. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The burden of demonstrating subject-matter jurisdiction resides with the Plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d, 765, 768 (4th Cir. 1991).

### b. 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

c. 12(c)

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The Fourth Circuit has held that courts are to "apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). "Accordingly, [the Court] assume[s] the facts alleged in the complaint are true and

draw[s] all reasonable factual inferences in [the non-moving party's] favor." *Id.*

Therefore, under Rule 12(c), "[j]udgment should be entered in favor of the movant when the pleadings 'fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law.'" *Bojorquez-Moreno v. Shores & Ruark Seafood Co.*, 92 F. Supp. 3d 459, 462 (E.D. Va. 2015) (quoting *Thomas v. Standard Fire Ins. Co.*, 414 F. Supp. 2d 567, 570 (E.D. Va. 2006)).

### d. Liberal Construction of the *Pro Se* Plaintiff's Complaint

Although courts are not required to "conjure up questions never squarely presented to them . . . [or] construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *pro se* complaints must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However "inartfully pleaded," *pro se* complaints must be held to less stringent standards than those drafted by skilled lawyers. *Id.*

### III. ANALYSIS

Employing the standards of review presented and allowing the *pro se* Plaintiff broad latitude in the construction of his Complaint, the Court will address Counts IX, X, and XI as they pertain to each Defendant.

#### A. Defendant ISS

To have standing to bring suit under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132

7

(4th Cir. 2002); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The purpose of this requirement is to put an employer on notice of the charge, permit the EEOC to investigate, and allow the parties to resolve the dispute without litigation. *See Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).

In this case, Plaintiff attached a copy of a Dismissal and Notice of Rights ("Notice") from the EEOC as an exhibit to his Complaint. (ECF No. 1-1.) The Notice makes a passing reference to Amazon as a potential defendant. (*See id.* (copying an Amazon shareholder to the Notice).) But any mention of ISS is conspicuously absent from the document. (*See id.*) Therefore, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's Title VII claims against ISS because a party not properly named in an EEOC charge "may not be subsequently sued for alleged discrimination." *Carter v. Arlington Pub. Sch. Sys.*, 82 F. Supp. 2d 561, 567 (E.D. Va. 2000).[4]

Consequently, the Court will dismiss Counts IX, X, and XI against ISS without prejudice.

**B.    Defendant Mahmoud Omari**

The Fourth Circuit has made clear that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998); *see also Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 595–

---

[4] Plaintiff attached as an exhibit to his Response an unauthenticated document that he allegedly filed with the EEOC, naming Amazon, ISS, and Mahmoud Omari as potential defendants. (Resp. Ex. 3.) Unlike the Notice, which appears to be authentic and gives rise to the cause of action, the document attached to Plaintiff's Response cannot be construed as integral to his Complaint. Even if the Court were to consider the unauthenticated document, it is clear from its face that it is not a formal charge filed with the EEOC. Rather, it is merely a letter that Plaintiff submitted using the EEOC Assessment System. (Resp. Ex. 3.) As such, it is irrelevant to the present analysis.

96 (M.D.N.C. 2005) (collecting cases and granting a motion to dismiss Title VII claims that were asserted against individual defendants). From this, the Court can reasonably conclude that coworkers are also protected from liability for Title VII violations. Stated succinctly, "Title VII . . . foreclose[s] individual liability." *Lissau*, 159 F.3d at 180.

Plaintiff appears to concede this much in his Response. (*See* Resp. 40 ("Plaintiff agrees that Mahmoud Omari in his individual capacity may be dismiss[ed].").) Nevertheless, Plaintiff still attempts to seek recovery from Mahmoud Omari in his "official capacity." (*Id.*) Because Mahmoud Omari was not Plaintiff's employer, this argument is unavailing. *See Lissau*, 159 F.3d at 180–81.

Therefore, Plaintiff's Title VII claims against his coworker fail as a matter of law with no hope of being resuscitated. As such, the Court will dismiss Counts IX, X, and XI against Mahmoud Omari with prejudice.

### C. Defendant Amazon

As an initial matter, the Court concludes for the purpose of this analysis that it has subject-matter jurisdiction over Counts IX, X, and XI as they pertain to Amazon since Amazon was named in the Notice. (ECF No. 1-1.) Moreover, the Court finds that Amazon faces potential liability under Title VII as Plaintiff's employer during the time that the alleged events took place. (*See* Compl. ¶ 3 ("[O]n January 29, 2015, plaintiff was hired as a permanent employee by Amazon.").)

Therefore, the Court will address each Count against Amazon in turn.

#### i. Race or National Origin Discrimination (Count IX)

To state a *prima facie* case of discrimination under Title VII, a plaintiff must

allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012).

Though Plaintiff's allegations are sufficient to satisfy the first and third prongs—he is of Filipino descent and was fired from his position—the Court concludes that he has failed to plead adequate facts to raise his assertion "above the speculative level" under the second and fourth. *Twombly*, 550 U.S. at 555.

Plaintiff's claim in Count IX centers on the fact that he was fired for misconduct based on the December 22, 2015, altercation, but the Omaris—who are both white—were not. (Compl. ¶ 188.) Significant to the Court's analysis, however, is the fact that Plaintiff admits to violating Amazon's anti-violence policy by grabbing the toy firearm during the altercation, rendering his conduct unique among the participants. (Compl. ¶¶ 84, 87.)

In view of this information, the Court finds that he has failed to allege facts that his job performance was "satisfactory" or that he was treated differently "from *similarly situated* employees outside the protected class." *Coleman*, 626 F.3d at 190 (emphasis added).

Consequently, the Court will dismiss Count IX against Amazon without prejudice.

    ii.    **Hostile Work Environment (Count X)**

To state a claim for hostile work environment under Title VII, Plaintiff must allege that: (1) he "experienced unwelcome harassment"; (2) "the harassment was based on his"

10

race; (3) "the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere"; and (4) "that there is some basis for imposing liability on" Amazon. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A review of Plaintiff's Complaint reveals that he has, at a minimum, failed to plead facts sufficient to satisfy the third prong of the *Bass* analysis.

"[H]arassment is considered sufficiently severe or pervasive to alter the terms or conditions of the employment if a workplace is 'permeated with discriminatory intimidation, ridicule, and insult.'" *Pueschel v. Peters*, 577 F.3d 558, 565 (4th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). In this case, Plaintiff's allegations that Amazon created a racially hostile working environment turn on his conclusory claims that Mahmoud Omari occasionally directed racial slurs at him. (Compl. ¶¶ 13, 19.) The only specific statement that Plaintiff pleads in support of this assertion is that Mahmoud Omaris told him, "[Y]ou philippinos [*sic*] are all alike and [too] . . . slow for me." (Compl. ¶¶ 13, 19.)

This, alone, is facially inadequate to support a claim that Mahmoud Omari's conduct was "sufficiently severe or pervasive to alter the terms or conditions of the employment." *Pueschel*, 577 F.3d at 565. Apart from the inflammatory statements made immediately preceding the altercation, Plaintiff does not allege any facts to support his assertion that Mahmoud Omari's racially charged epithets were physically threatening or humiliating to the point that they impacted his ability to work. To the contrary, Plaintiff states that he "had received several production bonuses, outstanding evaluation[s] and [had been] recommended for [a] promotion at the time of" his discharge. (Compl. ¶ 4.)

11

As regrettable as the alleged comment is, it does not rise above the level of a "mere offensive utterance" and is insufficient to support a claim of hostile work environment. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'").

The Fourth Circuit has reinforced this principle by "recogniz[ing] that personality conflicts and unfair treatment 'arise routinely in employment relationships' and do not alone constitute a discriminatory hostile work environment." *Cox v. Rumsfeld*, 369 F. Supp. 2d 748, 758 (E.D. Va. 2005) (quoting *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 282 (4th Cir. 2000)).

Therefore, the Court will dismiss Count X against Amazon without prejudice.

### iii. Retaliation (Count XI)

To state a *prima facie* case for retaliation under Title VII, a plaintiff must allege "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190.

As discussed above, Plaintiff admits to engaging in conduct sufficient to establish a clear basis for his termination, thereby severing any potential allegation of a "causal link" between a protected activity and his firing. Plaintiff's assertions of Amazon's alleged race-based retaliation amount to nothing more than pure speculation. *See Twombly*, 550 U.S. at 555, 570.

Therefore, the Court will dismiss Count XI against Amazon without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss and Defendant Mahmoud Omari's Motion for Judgment on the Pleadings will be GRANTED IN PART. (ECF Nos. 6, 8.)

The Court will DISMISS Counts IX, X, and XI of Plaintiff's Complaint without prejudice as to Defendants ISS and Amazon and with prejudice as to Defendant Mahmoud Omari.

As the parties are not diverse and Counts IX, X, and XI are the only ones alleging a federal question, the Court finds that it lacks subject-matter jurisdiction over the rest of Plaintiff's claims. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court will REMAND this case to the Circuit Court for the City of Richmond, Virginia, where Plaintiff initially brought suit.

An appropriate Order will accompany this Memorandum Opinion.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff, who is *pro se*.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 15 2016
Richmond, VA